IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| Josh Malone,<br>Alexandria, VA<br>　　　　　Plaintiff,<br><br>　　　　vs.<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE,<br>600 Dulany Street<br>Alexandria, VA 22314<br>　　　　　Defendant. | Civil Action No. _____<br><br>Hon. _____ |

**PLAINITIFF'S ORIGINAL COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Freedom of Information Act)

　　1.　　*Introduction*. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552—for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; for injunctive relief; and for all other appropriate relief, in law or equity, as the Court determines. Specifically, Josh Malone ("Plaintiff") challenges the failure of the United States Patent and Trademark Office (the "USPTO") to timely produce records in response to Plaintiff's FOIA request. On June 13, 2023, the USPTO sent an interim response through its Office of the General Counsel. In its letter, the USPTO: (a) acknowledges receipt of the FOIA request; (b) sets forth the items, as found in Plaintiff's FOIA request; (c) acknowledges its deadline to respond; (d) extends its deadline for an additional ten working days—as purportedly authorized under 37 C.F.R. § 102.6(c)—in order that it may

"review and [perform a] final assembly of responsive documents." The USPTO's letter then concludes, assuring Plaintiff that (e) "[n]o additional extensions are anticipated" and promises that (f) its release of records will take place even "before the [extended] June 28th deadline, if possible." In support of Plaintiff's allegations, Plaintiff attaches and incorporates as "**Exhibit A**" the USPTO's June 13th letter ("Interim Response").

2. *Declaratory Relief Requested*. Due to the USPTO's failure to timely and properly respond to Plaintiff's FOIA request, Plaintiff is seeking a declaration: (a) that the USPTO is in violation of 5 U.S.C. § 552(a)(3)(A), for failing to provide Plaintiff all responsive records; (b) that the USPTO is in violation of 5 U.S.C. § 552(a)(6)(A), for failing to provide Plaintiff with a determination on its request within 20 business days; and (c) that the USPTO is in violation of the 5 U.S.C. § 552(a)(4)(A), for failing to comply with the FOIA deadlines.

3. *Injunction Requested*. Due to the USPTO's failure to timely and properly respond, Plaintiff is also seeking, upon final hearing, injunctive relief: (d) ordering the USPTO to process Plaintiff's FOIA request and to immediately release to Plaintiff the requested records in their entirety; (e) ordering that any fees chargeable by the USPTO in now responding to Plaintiff's FOIA should be waived, as required by law; and (f) awarding Plaintiff its costs of litigation and attorney's fees, as authorized by statute. *See, e.g.,* 5 U.S.C. § 552 (authorizing the court to assess reasonable attorney fees and other litigation costs reasonably incurred in a case under FOIA when the complainant has substantially prevailed). Plaintiff is also respectfully requesting: (g) that the Court retain jurisdiction over the dispute until Plaintiff has had an opportunity to verify the USPTO's compliance with the FOIA, i.e., in the event supplemental relief is needed.

## JURISDICTION AND VENUE ARE PROPER

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552 (a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

5. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B), and Alexandria is the proper division under the Local Civil Rules.

6. FOIA is applicable to the USPTO; further, the USPTO has enacted regulations mandating its requirements to respond to FOIA requests. *See* 37 C.F.R. § 102 *et. seq*.

7. By statute, FOIA, 5 U.S.C. § 552(a)(6)(C)(i), a requester satisfies constructive exhaustion if the agency fails to meet any of the deadlines of FOIA, 5 U.S.C. § 552(a)(6). As set forth above, the USPTO failed to meet the FOIA deadlines. Thus, Plaintiff is deemed to have constructively exhausted its administrative remedies.

## THE PARTIES

8. Plaintiff, Josh Malone, is an individual residing in Alexandria, Virginia.

9. Defendant USPTO is an agency within the meaning of the FOIA, i.e., 5 U.S.C. §§ 552(f)(1) and 701 (b)(1). Defendant has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

10. Kathi Vidal is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO. If ordered by the Court, Kathi Vidal has the authority and ability to remedy the harm inflicted by the USPTO's actions and inactions.

## APPLICABLE STATUTES AND REGULATIONS

11. The 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12. Under 5 U.S.C. § 552(a)(6)(A), an agency has twenty (20) business days after the receipt of the request to either produce the requested documents, or provide a "determination" letter that includes all of the following components: the determination and the reasons therefor, the right of the requester to seek assistance from the FOIA Public Liaison of the agency, if the determination is adverse, the right of the requester to appeal the agency's determination to the agency head, if the determination is adverse, the right of the requester to seek dispute resolution services from the USPTO's FOIA Public Liaison or Office of Government Information Services, a date for production which may be extended no more than ten additional days, with an explanation of "unusual circumstances" specified by 5 U.S.C. § 552(a)(6)(B) (all of which relate to documents not within the control of a single custodian), an explanation of "exceptional circumstances," or a further explanation and invitation to reframe the request as specified by 5 U.S.C. § 552(a)(6)(B)(ii). Any adverse action "shall set forth the names and titles or positions of each person responsible for the denial of such request." *See* 5 U.S.C. § 552(a)(6)(C)(i).

13. No statute authorizes the agency to extend beyond the 20 days within the FOIA, *see* 5 U.S.C. § 552(a)(6)(A), unless accompanied by a showing of "<u>unusual</u> circumstances" or "<u>exceptional</u> circumstances."

14. An agency's failure to make this determination within 20 business days is subject to judicial review without the requester having to otherwise exhaust the administrative remedies available. *See* 5 U.S.C. § 552(a)(6)(C)(i).

15. The FOIA provides that an agency shall not assess search fees if the agency fails to comply with any time limit of the FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(viii).

## FACTUAL BACKGROUND

*FOIA Request No. F-23-00149*

16. On May 14, 2023, Plaintiff submitted to the USPTO a FOIA request, attached and incorporated herein as "**Exhibit B**."

17. On June 7, 2023, the USPTO sent a fee estimate for FOIA Request F-23-00149, attached and incorporated herein as "**Exhibit C**". Plaintiff paid the requested $1,830.93 in fees. However, the fees were later refunded to him by the USPTO on the same day as the USPTO's June 13the Interim Response—agreeing to honor Plaintiff's request, without charge.

18. As stated in the introduction of this Complaint, on June 13, 2023, the USPTO issued its Interim Response, i.e., **Exhibit A**.

19. Since June 13th, however, there has been no additional communication from the USPTO—nor have any documents been received by Plaintiff.

20. Plaintiff's FOIA Request fully complied with FOIA and the USPTO's FOIA regulations. In short, the records that Plaintiff requested were described in enough detail to enable USPTO personnel to locate them with a reasonable amount of effort. Indeed, in its Interim Response, the USPTO assured Plaintiff that "[n]o additional extensions are anticipated," and promised Plaintiff that its release of records will take place even "before the [extended] June 28th deadline, if possible."

21. Neither the records sought, nor the reasons for their non-disclosure have ever been provided by the USPTO in response to Plaintiff's FOIA Request. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted all applicable administrative remedies with respect to its requests. Thus, this cause is ripe for adjudication.

## PLAINTIFF'S CLAIM FOR RELIEF

22. Plaintiff repeats, re-alleges, and incorporates all proceeding paragraphs.

23. Plaintiff properly requested records within the custody and control of the USPTO.

24. Plaintiff timely paid the fees requested by the USPTO.

25. After requesting and accepting fees from Plaintiff, and then refunding the same with the agreement that it would produce the requested records before the extended statutory deadline, the USPTO continues to withhold the responsive agency records and has otherwise wholly failed to comply with the FOIA within the statutory timeframe. *See* 5 U.S.C. § 552(a)(6)(A)(i).

26. Plaintiff is therefore entitled to declaratory and injunctive relief consistent with the USPTO immediately processing the FOIA request and producing all responsive documents.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court (1) GRANT the declaratory relief/findings, as requested in paragraph 2, above; and that this Court (2) GRANT the injunctive relief in paragraph 3, above, in sum: (a) ordering the USPTO to immediately and fully process his FOIA request and to produce all responsive documents without redaction; (b) ordering the USPTO to waive any fees that might otherwise be chargeable, as now required by law; and (c) awarding Plaintiff his costs of litigation and attorney's fees incurred in filing and prosecuting this action. Plaintiff would further pray that this Court retain jurisdiction to ensure the USPTO's full compliance with production of the documents and information requested, and, as necessary, to award further supplementary relief if any agency record is wrongfully withheld. Finally, Plaintiff would pray that the Court grant such other and further relief as the Court may deem just and proper.

...

Dated: August 15, 2023

By: /s/ Travis Richins
Travis Lee Richins, VSB No. 98626

Tingen Law, PLLC
1503 Santa Rosa Road, Suite 120
Richmond, VA 23229
Telephone: 804-477-1720
Facsimile: 804-597-0097
Travis@tingen.law

and

Joshua J. White
Texas Bar No. 24048880
CHERRY JOHNSON SIEGMUND JAMES, PLLC
400 Austin Ave., Ste. 903
Waco, Texas 76701
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
JWhite@cjsjlaw.com
(Application for Admission *Pro Hac Vice* Pending)

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

Office of the General Counsel

June 13, 2023

**VIA EMAIL**
Mr. Josh Malone
josh@malonepeople.net

    Re:  Freedom of Information Act (FOIA) F-23-00149

Dear Mr. Malone:

The USPTO is in receipt of your FOIA request referenced above. This is the Agency's notice to extend the response time limit to your Freedom of Information Act (5 U.S.C. § 552) request for:

1.    The case numbers and names of every IPR, PGR, and CBM case wherein the panel was expanded without notifying the parties. (For instance, the case of *Adidas AG v. Nike, Inc.*, No IPR2013-00067 wherein an email was sent on November 4, 2016 from Scott Boalick to James Arpin stating, "This panel is being expanded to add David and me. We will need to find a time to meet and confer as an expanded panel...")

2.    The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

3.    The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

The request was received on May 15, 2023.  The response period for the Agency's determination runs through June 13, 2023.

In accordance with 37 C.F.R. § 102.6(c), the response time limit is hereby extended ten additional working days to **June 28, 2023** due to unusual circumstances.  This extension is necessary because of the need to appropriately collect and examine voluminous records that are subject to the request.  The Agency's response will promptly follow its review and final assembly of responsive documents.  No additional extensions are anticipated, and records will be released before June 28, 2023 if possible.

Sincerely,

Traci Alexander
USPTO FOIA Specialist
Office of General Law

# EXHIBIT B

| | |
|---|---|
| **From:** | Josh Malone |
| **To:** | FOIA Requests |
| **Subject:** | FOIA Request 12-Feb-2023 |
| **Date:** | Sunday, May 14, 2023 6:55:42 PM |

**CAUTION:** This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

This is a request under the Freedom of Information Act. I request—

1. The case numbers and names of every IPR, PGR, and CBM case wherein the panel was expanded without notifying the parties. (For instance, the case of *Adidas AG v. Nike, Inc.*, No IPR2013-00067 wherein an email was sent on November 4, 2016 from Scott Boalick to James Arpin stating, "This panel is being expanded to add David and me. We will need to find a time to meet and confer as an expanded panel...")

2. The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

3. The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

I agree to pay reasonable fees for searching, reviewing, and/or duplicating records.

/Josh Malone/

Josh
972-689-8124

# EXHIBIT C

UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF GENERAL LAW

June 07, 2023

**VIA EMAIL**
Mr. Josh Malone
228 W Windsor Ave
Alexandria, VA 22301

RE:   *Freedom of Information Act (FOIA) Request No. F-23-00149*

Dear Mr. Malone:

This is in response to your letter dated May 14, 2023, in which you requested, pursuant to the FOIA, 5 U.S.C. § 552 a copy of:

1. The case numbers and names of every IPR, PGR, and CBM case wherein the panel was expanded without notifying the parties. (For instance, the case of Adidas AG v. Nike, Inc., No IPR2013-00067 wherein an email was sent on November 4, 2016 from Scott Boalick to James Arpin stating, "This panel is being expanded to add David and me. We will need to find a time to meet and confer as an expanded panel...").

2. The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

3. The case numbers and names of every IPR, PGR, and CBM case wherein a USPTO employee who was never publicly assigned to the panel instructed or recommended to the panel to modify their decision.

Preliminary estimates indicate that the approximate processing cost of this FOIA request is **$ 1830.93**.  Associated copying charges cannot be estimated until a final determination regarding releasability is made.

This estimate does not necessarily represent the final cost.  Estimates are inherently imprecise, and the final cost could be higher or lower than the amount provided here.  However, the estimate provided herein is reasonably calculated to represent search costs required to adequately respond to your request.

As a non-commercial use FOIA requester, you are responsible for a search (excluding the first two hours) and for duplication (excluding the first 100 pages).  <u>See</u> 37 C.F.R. § 102.11(c)(1)(iv).

Please note that a search fee is chargeable even when no responsive records are found, or when the records requested are determined to be totally exempt from disclosure.  See 37 C.F.R. § 102.11(c)(3)(i).

Since the estimate exceeds $250.00, you are required to pay the entire amount estimated before a search can begin.  See 37 C.F.R. § 102.1(i)(2).

Please remit, <u>within 30 calendar days of the date of this letter</u>, a check made payable to the "Department of Treasury" in the amount of **$ 1830.93**.  The payment may be sent to:

> United States Patent and Trademark Office
> Freedom of Information Act Officer
> Office of the General Counsel
> P.O. Box 1450
> Alexandria, VA  22313-1450

If payment in full is not received by **<u>July 14, 2023</u>**, this request will be considered withdrawn and closed.  Please contact us before that date, however, if you would like to discuss your request in order to reformulate it to meet your needs at a reduced cost.


Sincerely,

*Traci Alexander*

Traci Alexander
FOIA Specialist
Office of General Law